**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM SHELTON,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>BRENT REINKE; et al.,<br><br>        Defendants - Appellees. | No. 13-35342<br><br>D.C. No. 3:11-cv-00064-BLW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Idaho state prisoner William Shelton appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that defendants were

deliberately indifferent to a serious risk to his safety. We have jurisdiction under

28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Shelton failed to raise a genuine dispute of material fact as to whether defendants knew of a substantial risk of serious harm to Shelton from an assault by his cellmate. *See Farmer v. Brennan*, 511 U.S. 825, 830-31, 837 (1994) (a prison official is not liable for failing to protect one inmate from another unless the prisoner shows that he was housed under conditions that posed a substantial risk of serious harm, and that the prison official acted with deliberate indifference to the prisoner's safety); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986) (summary judgment was proper where plaintiff had not provided evidence demonstrating that defendants "had any reason to believe" that plaintiff would be attacked).

The district court did not abuse its discretion by denying Shelton's motions to compel discovery because Shelton failed to show how the requested discovery was relevant to defeat summary judgment or that the denial caused substantial prejudice. *See* Fed. R. Civ. P. 26(b)(1) (discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence"); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing the standard of review and explaining that the decision to deny discovery will not be reversed except upon showing of substantial prejudice).

The district court did not abuse its discretion by denying Shelton's motions to strike because the defendants' declarations were based on personal knowledge and were not hearsay.  *See* Fed. R. Evid. 801(c) (defining hearsay); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (standard of review).

We reject Shelton's contention concerning the district court's failure to appoint counsel.

**AFFIRMED.**